IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| VINCENT J. SMELTZ *as personal representative of the Estate of Lauren Smeltz, deceased*, | |
| Plaintiff, | 25-CV-00170-TMR |
| v. | **OPINION** |
| FORD MOTOR COMPANY AND WOODY MOTOR CO., INC., | |
| Defendants. | |

Dated: October 2, 2025

<u>Michael D. Denton, Jr.</u>, Denton Law Firm, of Mustang, OK, for plaintiff Vincent J. Smeltz.

<u>Mary Q. Cooper</u>, <u>Andrew L. Richardson</u>, <u>Dru A. Prosser</u>, McAfee & Taft, P.C., of Tulsa, OK, for defendants Ford Motor Company and Woody Motor Co., Inc.

<u>TIMOTHY M. REIF</u>, Judge, United States Court of International Trade, Sitting by Designation:

  Before the court is the motion to remand of Vincent J. Smeltz ("plaintiff"). *See* Pl.'s Mot. to Remand and Br. in Supp. Thereof ("Pl. Br."), ECF No. 9; *see also* Pl.'s Reply to Ford Motor Co.'s Resp. to Pl.'s Mot. to Remand ("Pl. Reply Br."), ECF No. 17. Plaintiff argues that defendants Ford Motor Company ("Ford") and Woody Motor Co., Inc. ("Woody Motor") have "failed to prove there is complete diversity of jurisdiction in this action" and that this Court "lacks jurisdiction to proceed in this lawsuit and the case must be remanded to the state court." Pl. Br. at 1.

For the reasons discussed below, the court denies plaintiff's motion and dismisses Woody Motor without prejudice.

## BACKGROUND

The instant action arises out of a January 3, 2023 motor vehicle collision in Pontotoc County, Oklahoma. Def. Ford's Notice of Removal ("Notice of Removal"), Ex. 1 ("Am. Pet.") ¶ 1. The collision involved: (1) a 2020 F-250 Super Duty commercial truck ("Super Duty truck") pulling a trailer full of roofing supplies owned by Oklahoma Roofing & Sheet Metal, LLC ("Oklahoma Roofing & Sheet Metal") and driven by Henry Nwajagu ("Nwajagu"); and (2) a pickup truck driven by plaintiff's wife, Lauren Smeltz ("decedent"). *Id.* Decedent died as a result of the collision. *Id.* Plaintiff asserts product liability and negligence claims against defendants. *Id.* ¶ 24-55.

Plaintiff resides in Pontotoc County, Oklahoma. *Id.* ¶ 16. Defendant Ford is a foreign corporation with its principal place of business in Michigan. *Id.* ¶ 12. Defendant Woody Motor is an Oklahoma corporation doing business in and throughout Oklahoma. *Id.* ¶ 14.

On May 22, 2024, plaintiff filed his petition in the District Court of Pontotoc County, Oklahoma. *See* Notice of Removal, Ex. 6 at 2. Plaintiff brought causes of action against Ford, Woody Motor, Nwajagu and Oklahoma Roofing & Sheet Metal. *Id.*

On October 3, 2024, plaintiff dismissed Nwajagu and Oklahoma Roofing & Sheet Metal with prejudice. *Id.* at 19.

On March 3, 2025, plaintiff amended his petition. *See* Am. Pet. On March 26, 2025, Woody Motor moved to dismiss the amended petition. *See* Notice of Removal, Ex. 6 at 99.

On April 21, 2025, the state court judge held a hearing on the motion to dismiss. *Id.* at 110-13.

On May 20, 2025, defendant Ford filed notice of removal of the instant action from the District Court of Pontotoc County, Oklahoma to this Court. *See* Notice of Removal.

On June 20, 2025, plaintiff filed a motion to remand the instant action to state court. *See* Pl. Br.

## JURISDICTION AND STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction [and] must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). 28 U.S.C. § 1332 gives federal district courts original jurisdiction over all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. The court lacks complete diversity when any plaintiff "has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

"While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, [28 U.S.C.] § 1441 gives defendants a corresponding opportunity," namely the opportunity to remove the case to federal court. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Section 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## DISCUSSION

### I. Oral dismissal order

The court concludes that the state court judge's oral dismissal of Woody Motor at the April 21, 2025 hearing provided adequate grounds for removal.

Plaintiff argues that the oral dismissal of Woody Motor by the Pontotoc County Judge did not render the case removable because "[n]o order or journal entry was signed by the Pontotoc County Judge or filed in that case and there is no reference to any such order or journal entry . . . on the state court's docket sheet." Pl. Br. at 4 (citing Notice of Removal, Ex. 5). Plaintiff asserts that under Oklahoma law, "the state court judge's *oral pronouncement* that he was granting the motion to dismiss of non-diverse [Woody Motor] is not enforceable in whole or in part until it is reduced to writing, signed by the court and filed in the case." *Id.* at 7 (citing Okla. Stat. tit. 12, § 696.2(A), (E)).

Pursuant to Oklahoma law,

> After the granting of a judgment, decree or appealable order, it shall be reduced to writing . . . , signed by the court, and filed with the court clerk. The court may direct counsel for any party to the action to prepare a draft for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court. If a written judgment, decree or appealable order is not submitted to the court by the party directed to do so within the time prescribed by the court, then any other party may reduce it to writing and submit it to the court.

Okla. Stat. tit. 12, § 696.2(A).

Moreover, "[a] judgment, decree or appealable order, whether interlocutory or final, shall not be enforceable in whole or in part unless or until it is signed by the court and filed."[1] *Id.* § 696.2(E).

28 U.S.C. § 1446 governs removal of civil actions to federal court. The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis supplied).

---

[1] The statute provides exceptions to this rule for various types of proceedings. However, none of the stated proceedings describes the instant action. *See* Okla. Stat. tit. 12, § 696.2(E).

Court No. 25-CV-00170                                                                                                  Page 6

The U.S. Court of Appeals for the Tenth Circuit (the "Tenth Circuit") has stated that "the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). "If the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." *DeBry*, 601 F.2d at 489.

During the April 21, 2025 hearing, the state court judge in the instant action issued an oral order granting defendant Woody Motor's motion to dismiss the amended petition. Pl. Br. at 4; Ford's Resp. to Pl.'s Mot. to Remand ("Defs. Br.") at 3, ECF No. 14. Parties agree that the state court judge did not sign a written order or make a docket entry memorializing the oral order. *See* Pl. Br. at 4; Defs. Br. at 3-4. Regardless, the oral order constituted adequate grounds for removal.

In *Huffman*, the Tenth Circuit held that deposition testimony "constitutes an 'other paper' within the meaning of § 1446(b)." *See Huffman*, 194 F.3d at 1078. The court explained that the intent of § 1446 is to ensure "that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists." *Id.* (citation omitted). Accordingly, "[f]or purposes of the removal statute, deposition testimony stands on equal footing with written forms of discovery, such as interrogatories and requests for information." *Id.*

Deposition testimony is at a remove from an oral order, but the logic of *Huffman* applies regardless. An oral dismissal order issued during a hearing would give a defendant even more "notice in the course of the case that the right [to remove] exists" than deposition testimony because the order comes from a judge in an open proceeding with all parties. *Id.* If deposition testimony "stands on equal footing with written forms of discovery," then it follows that an oral order "stands on equal footing with" written orders for the purposes of the removal statute. *Id.* Whether such oral orders carry the force of law under Oklahoma law is a separate question not before the court.

Indeed, a court in this circuit applied the logic of *Huffman* to oral orders in *Carter v. UZGlobal LLC*, No. 23-CV-01013-MV-JHR, 2024 WL 4562891 (D.N.M. Oct. 24, 2024). The *Carter* court concluded that "a defendant can remove to federal court on the basis of an oral order" because "[a]n oral order occurs on the record, clearly notifies a defendant when it dismisses a non-diverse party, and helps

6:25-cv-00170-TMR Document 19 Filed in ED/OK on 10/02/25 Page 8 of 20

Court No. 25-CV-00170 Page 8

facilitate § 1446's goal of effecting removal as soon as possible."[2] *Id.* at \*4 (citing *Huffman*, 194 F.3d at 1078).

The court acknowledges that the New Mexico law at issue in *Carter* bears important differences from the Oklahoma law at issue here. *See id.* at \*3 ("While New Mexico law states that its courts' orders generally are not final and effective until written, it also holds that entry of a written order is a 'ministerial act' that does not affect a judgment's validity."). However, such differences are not relevant given that "§ 1446(b)(3) supersedes state procedural rules on whether an oral order's medium would prevent defendants from removing where [the oral order's] substance proves the grounds for removal." *Id.*; *see Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198 (1988) ("Although state law generally supplies the rules of decision in federal diversity cases, . . . it does not control the resolution of issues governed by federal statute." (citations omitted)). Such is the case here.

---

[2] Moreover, other "[f]ederal district courts have ruled that a state court judge's pronouncement from the bench that a non-diverse defendant was no longer party to the action is sufficient notice of [the] action's removability." *See Est. of Combas Martinez v. Barros & Carrion, Inc.*, 668 F. Supp. 2d 334, 343 (D.P.R. 2009); *see also Ford v. Healthport Techs., LLC*, No. 3:08-CV-208, 2008 WL 3927146, at \*3 (E.D. Tenn. Aug. 21, 2008) ("The court . . . concludes that the time for removal under § 1446(b) commenced when the Chancellor orally granted plaintiffs' motion to amend the complaint, not when the order memorializing the oral ruling was entered by the court. To hold otherwise, would be to exalt form over substance."); *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229-30 (N.D.W.V. 1988); *cf.* 14C Wright & Miller's Federal Practice and Procedure § 3731 (Rev. 4th ed. 2018) ("Courts ordinarily hold that oral statements do not trigger removability because those statements do not qualify as an 'other paper.' A limited exception to this principle is that a renewed period of removability can be triggered by oral statements made in the courtroom during the course of the action." (footnotes omitted)).

The lack of a docket entry memorializing the April 21, 2025 hearing does not mean that the oral order of the state court judge did not "occur[] on the record." *Carter*, 2024 WL 4562891, at *4.  It is undisputed that the state court judge issued an oral order dismissing defendant Woody Motor in a hearing that involved all parties.  *See* Pl. Br. at 4; Defs. Br. at 3-4; Pl. Reply Br. at 1-3.  This event "clearly notifie[d] a defendant when it dismisse[d] a non-diverse party," namely Woody Motor.  *Carter*, 2024 WL 4562891, at *4.  As stated above, the question of whether this oral dismissal was effectuated under Oklahoma law is separate from the question of whether the oral dismissal provided the grounds for removal under federal law.  The oral dismissal order in this case provided such grounds.  Indeed, "forcing a party to wait for a written order can create the kind of delays or bad-faith gaming of technicalities of form that *Huffman* found contrary to the removal statute."  *Id.*

For these reasons, the court concludes that the state court judge's oral order dismissing Woody Motor constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Plaintiff argues in the alternative that if the oral dismissal was valid, it would have constituted an involuntary change such that the instant action was not removable.  Pl. Br. at 8-9.  Defendants respond that notwithstanding an involuntary change, "Woody Motor has been fraudulently joined" and that "as a result its

citizenship should be disregarded for purposes of diversity jurisdiction." Defs. Br. at 4-6. It is to these arguments that the court turns next.

## II. Fraudulent joinder

### A. Legal framework

It is important to note that "fraudulent joinder" is a term of art that "exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining [a] defendant." *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1157 (D. Kan. 2004).

The Supreme Court has stated that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Miller v. Jackson*, No. CIV-15-500-RAW, 2016 WL 1464558, at *1 (E.D. Okla. Apr. 4, 2016). "If the removing defendant can show that the non-diverse party was fraudulently joined, the Court ignores the non-diverse defendant for purposes of determining diversity and may exercise subject matter jurisdiction over the case." *Swihart v. Gen. Motors, LLC*, No. CIV-21-1141-R, 2022 WL 229901, at *1 (W.D. Okla. Jan. 25, 2022) (citing *Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

*Dutcher*, 733 F.3d at 988 (cleaned up) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

Moreover, the defendant "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 198 F.3d 459, 461 (2d Cir. 1998)). A plaintiff has no possibility of recovery against a defendant if "no cause of action is stated" or "though a cause of action [is] stated . . . in fact no cause of action exists." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

Finally, "upon specific allegation of fraudulent joinder[,] the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Id.*

   B.   Analysis

      1.   **Whether fraudulent joinder is an exception to the involuntary change rule**

The involuntary rule disallows removal "as a result of evidence from the defendant or the result of a court order rendered on the merits of the case." *DeBry*, 601 F.2d at 488. This is because dismissal due to evidence presented by a defendant or a court order does not result from a voluntary act by the plaintiff. *Id.* It is well-established that "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff." *Huffman*, 194 F.3d at 1078 (citation omitted); *DeBry*, 601 F.2d at 488.

The court follows its sister courts in this circuit in concluding that fraudulent joinder is an exception to the involuntary change rule. *See, e.g.*, *Barrett v. Liberty*

6:25-cv-00170-TMR    Document 19    Filed in ED/OK on 10/02/25    Page 12 of 20

Court No. 25-CV-00170                                                                                                    Page 12

*Ins. Corp.*, No. 19-CV-0129-CVE-FHM, 2019 WL 2152515, at *3 (N.D. Okla. May 17, 2019) ("Fraudulent joinder is a recognized exception to the voluntary/involuntary rule . . . ."); *Bailey v. Markham*, 611 F. Supp. 3d 1177, 1213 (D.N.M. 2020) ("A defendant may remove on the basis of fraudulent joinder either while the nondiverse party is still joined or after it is dismissed from the case ─ the doctrine can thus function as an exception to either complete diversity or the voluntary-involuntary rule."); *Lopez v. Spur Energy Partners, LLC*, No. CIV 22-0937 JB/LF, 2024 WL 5263705, at *6 (D.N.M. Dec. 31, 2024) ("[Fraudulent joinder] can . . . function as an exception to either complete diversity or the voluntary-involuntary rule."); *Gomez v. Dolgencorp LLC*, No. CIV-24-705-PRW, 2025 WL 603012, at *2 (W.D. Okla. Feb. 25, 2025) ("The doctrine of fraudulent joinder is a widely accepted exception to the voluntary-involuntary rule.").

## 2.     Whether defendant Woody Motor was fraudulently joined

The court concludes that Woody Motor was fraudulently joined to the instant action.

As mentioned above, "[t]o establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (cleaned up) (citation omitted).

Defendants do not argue "actual fraud in the pleading of jurisdictional facts," so the court is left to determine only whether plaintiff is unable "to establish a cause of action against [Woody Motor] in state court." *Id.* Defendants argue that

"Plaintiff did not—and cannot—allege facts sufficient to state a claim against Woody Motor under Oklahoma's innocent seller statute." Defs. Br. at 6.

Plaintiff brings both product liability and negligence claims under the innocent seller statute. The court will consider each in turn.

### a. Product liability

With respect to product liability claims, Oklahoma's innocent seller statute provides that "[n]o product liability may be asserted against a product seller other than the manufacturer, unless":

1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5. The manufacturer is not subject to service of process under the laws of the state; or

6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

Okla. Stat. tit. 76, § 57.2(E).

In his amended petition, plaintiff alleges that Woody Motor "failed to warn consumers of the dangers posed by the [Super Duty truck] by virtue of its design and lack of collision avoidance technology which was easily available for installation on the [Super Duty truck]." Am. Pet. ¶ 33. Moreover, according to plaintiff, "[w]hat warnings were given by [Woody Motor] were inadequate to place consumers on notice of the unreasonably dangerous conditions described herein." *See id.* ¶ 34. Plaintiff alleges that Woody Motor "had the opportunity and obligation to supply warnings to the purchaser of the [Super Duty truck] as to the absence of collision avoidance and mitigation technology available on other substantially similar F-250 models of the same year." *Id.* ¶ 41; *see also id.* ¶¶ 45-46.

In his briefing, plaintiff argues that he has established a cause of action under § 57.2(E) because he has "repeatedly alleged that Woody Motor Co. failed to provide the warnings necessary and that the lack of warnings caused the harm." Pl. Br. at 13. The court disagrees.

A product seller's failure to provide warnings is not one of the six exceptions provided by the statute. *See* Okla. Stat. tit. 76, § 57.2(E). Plaintiff maintains that "[w]arnings constitute labeling of the product and are an integral part of the sales process" such that the first exception would apply. Pl. Br. at 13. To start, such an argument is post-hoc and altogether missing from the pleadings. *See* Am. Pet. However, even if the court were to read warnings as a form of "labeling", plaintiff has failed to plead that Woody Motor "exercised substantial control over the aspect

of the . . . labeling of the [Super Duty truck] that caused the alleged harm." Okla. Stat. tit. 76, § 57.2(E); *see* Am. Pet. ¶ 41 (stating only that "Woody had the opportunity and obligation to supply warnings to the purchaser of the [Super Duty truck] as to the absence of collision avoidance and mitigation technology"); *id.* ¶ 49 (characterizing Woody Motor's role as the marketing, promotion, advertisement, distribution and sale of automobiles and component parts of automobiles).

Similarly, plaintiff has not pleaded that Woody Motor made an express warranty regarding collision avoidance technology such that the third exception under § 57.2(E) would apply.[3] *See* Am. Pet. Indeed, there is no mention of an express warranty anywhere in the pleadings. *See generally* Notice of Removal. The closest plaintiff comes to alleging an express warranty is his assertion that Woody Motor generally "promote[s]" safety and collision avoidance technology that was not present in the Super Duty truck. *See* Am. Pet. ¶ 28. But the promotion of technology in other vehicles, however vital, does not in itself create an express warranty for all vehicles sold. Such an interpretation would run afoul of the plain meaning of "express."[4]

---

[3] The court is unable to map any of the remaining four exceptions to allegations in the pleadings or to arguments in plaintiff's briefing. *See* Am. Pet.; Pl. Br.; Pl. Reply Br.

[4] *See Express*, Merriam-Webster Online Dictionary (last visited Sept. 9, 2025), https://www.merriam-webster.com/dictionary/express (defining "express" as "directly, firmly, and explicitly stated"); *see also Express*, Cambridge Online Dictionary (last visited Sept. 9, 2025), https://dictionary.cambridge.org/us/dictionary/english/express (defining "express" as "clearly and intentionally stated").

The court is required to resolve all factual and legal issues in favor of plaintiff, *Dutcher*, 733 F.3d at 988, but the court may not redraft the pleadings to establish a cause of action. Accordingly, the court concludes that plaintiff is unable to establish a product liability cause of action against Woody Motor under Oklahoma's innocent seller statute.

### b. Negligence

With respect to negligence claims, Oklahoma's innocent seller statute provides that "[a] product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that":

1. The product seller sold the product involved in such action;
2. The product seller did not exercise reasonable care:
   a. in assembling, inspecting, or maintaining such product, or
   b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

Okla. Stat. tit. 76, § 57.2(G).

Plaintiff's second claim against Woody Motor is one of negligence for breaching its duty to warn consumers "of the hazards posed by the [Super Duty truck] not being equipped with collision avoidance technology and collision mitigation technology which was readily available to Defendant Ford." Am. Pet. ¶ 53.

Plaintiff argues that he has established a cause of action under § 57.2(G) because Woody Motor "owed a duty to warn consumers of the hazards of the [Super Duty truck]" and Woody Motor's "lack of reasonable care was a proximate cause of the harm." Pl. Br. at 14 (internal quotation marks omitted).

Neither Ford nor Woody Motor warned consumers of the lack of collision avoidance technology in the Super Duty truck. *See* Am. Pet. Plaintiff affirms this implicitly via his allegation that defendants' failure to warn constitutes negligence. *See* Am. Pet. ¶ 39 (alleging that Ford and Woody Motor failed to supply notices to consumers); *see also id.* ¶ 41 ("The dangerous conditions and defective designs and lack of warnings existed at the time the [Super Duty truck] left the control of *each* Defendant . . . ." (emphasis supplied)). It follows then that Woody Motor could not have "pass[ed] on warnings or instructions from [Ford] about the dangers and proper use of" the Super Duty truck because, according to the pleadings, Woody Motor never received such warnings or instructions from Ford. Okla. Stat. tit. 76, § 57.2(G).

Plaintiff argues for the first time in his briefing for the instant motion that Woody Motor "failed to pass on warnings and instructions from Ford."[5] Pl. Reply Br. at 8; Pl. Br. at 4; *see* Notice of Removal. Plaintiff cannot remedy his repeated failure to: (1) establish a cause of action by reciting statutory language that he had theretofore avoided; and (2) provide any factual basis for such a recitation. *See Smoot*, 378 F.2d at 882. Resolving all factual and legal issues in favor of plaintiff, the court concludes that plaintiff is unable to establish a negligence cause of action against Woody Motor under Oklahoma's innocent seller statute.[6]

Defendants as the removing parties have demonstrated the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

---

[5] In plaintiff's response to defendant Woody Motor's motion to dismiss the amended petition, plaintiff stated the following:

> Defendant Ford does not send its employees out to pass along warnings to the consumers, it relies upon its dealerships such as Defendant Woody Motors [sic] to pass along warnings and to warn of hazards posed by the products, both those known to Defendant Ford but also those known to Defendant Woody Motor.

Notice of Removal, Ex. 6 at 125. Missing from this argument and the amended petition is any allegation that Woody Motor failed to pass along warnings that it *received from Ford* regarding the lack of collision avoidance technology in the Super Duty truck, which would be necessary for a valid cause of action under the Oklahoma innocent seller statute. *See* Okla. Stat. tit. 76, § 57.2(G). Again, the court must read the pleadings in the light most favorable to plaintiff, but it may not redraft the pleadings to establish a cause of action.

[6] Plaintiff does not argue that Woody Motor "did not exercise reasonable care . . . in assembling, inspecting, or maintaining" the Super Duty truck. *See* Am. Pet.; Pl. Br.; Pl. Reply Br.; Okla. Stat. tit. 76, § 57.2(G)(2). Regardless, any such claim would fail for the same reasons described above. Woody Motor could not have introduced a defect to the Super Duty truck that was alleged to have been lacking from the original design.

*Dutcher*, 733 F.3d at 988 (citation omitted). The court lacks accordingly "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

In light of plaintiff's fraudulent joinder of Woody Motor, the court dismisses Woody Motor from the instant action without prejudice. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) ("Once it determined that Waite had been fraudulently joined, . . . the district court lacked jurisdiction to enter judgment on the merits on the claims against him. Rather, it was required to dismiss him from the case without prejudice."). With Woody Motor dismissed, the court concludes that it has subject matter jurisdiction over the instant action. The remaining parties are completely diverse, and the amount in controversy exceeds the statutory threshold. *See* Pl. Br. at 7; Am. Pet. ¶¶ 12, 16, 57; *see also* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion to remand to state court is **DENIED**; and it is further

**ORDERED** that Woody Motor is dismissed without prejudice.

The Clerk of the Court is respectfully directed to terminate the open motion at ECF No. 9.

**SO ORDERED.**

<u>Dated: October 2, 2025</u>　　　　　　　　/s/ Timothy M. Reif

New York, New York　　　　　　　　　　United States Court of International Trade
　　　　　　　　　　　　　　　　　　　　*Sitting by Designation*
　　　　　　　　　　　　　　　　　　　　United States District Court for the
　　　　　　　　　　　　　　　　　　　　Eastern District of Oklahoma